UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CR-74-KAC-DCP ) |
| ANTWON SIEBERT, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Antwon Siebert's pro se Motion to Substitute Counsel [Doc. 49], filed on February 5, 2026, and defense counsel Assistant Federal Defender Jonathan A. Moffatt's Motion to Review Attorney/Client Relationship [Doc. 50], filed on February 10, 2026. *See* 28 U.S.C. § 636(b). On August 12, 2025, the Court appointed Attorney Moffatt and the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Siebert at his initial appearance and arraignment on an Indictment [*See* Doc. 16]. Defendant now seeks substitute counsel and Mr. Moffatt has filed a motion in support.

Defendant moves for substitute counsel alleging that he lacks confidence in counsel "due to inadequate communication, failure to investigate, [and] missed deadlines" [Doc. 49 p. 1]. Defendant asks for a hearing on this request because the breakdown in the attorney-client relationship is interfering with his Sixth Amendment right to counsel [*Id.*]. Mr. Moffatt relates that he and Defendant discussed his pro se motion and that Defendant continues to ask the Court to appoint new counsel for the reasons expressed in his pro se filing [Doc. 50 p. 1]. Mr. Moffatt says "the attorney/client relationship is inextricably damaged in its current state" [*Id.*].

The parties appeared before the Court for a hearing on the motion on February 17, 2026. Assistant United States Attorney Michael Gilmore appeared in person on behalf of the Government. Mr. Moffatt appeared on behalf of Defendant, who was present. CJA Panel Attorney Russell T. Greene was also present at the Court's request.

At the motion hearing, Attorney Moffatt stated that he had not missed any deadlines but that there was a difference of opinion between him and Defendant as to the matter of appropriateness of certain pretrial motions. He again represented that he conferred with Defendant about the pro se motion but Defendant "stands by his letter" and requests substitution of counsel. AUSA Gilmore confirmed that the Government had no position on the matter of the attorney-client relationship. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that Defendant Siebert's responses to the Court's inquiries, together with Attorney Moffatt's representations, satisfy the Court that there are sufficient grounds to substitute counsel based on a strained relationship, which has compromised defense counsel's ability to defend Defendant and render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Defendant's pro se motion [**Doc. 49**] and counsel's motion [**Doc. 50**] for substitution of counsel are **GRANTED.** FDSET and Attorney Moffatt are **RELIEVED** as counsel of record for Defendant and **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. Attorney Greene agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Greene under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant.

Accordingly, the Court **ORDERS**:

(1) Defendant's pro se Motion to Substitute Counsel [**Doc. 49**] and counsel's Motion to Review Attorney/Client Relationship [**Doc. 50**], both requesting substitution of counsel, are **GRANTED**;

(2) Federal Defender Services of Eastern Tennessee and Assistant Federal Defender Jonathan A. Moffatt are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide any discovery and the Defendant's file to new counsel; and

(3) Attorney Russell T. Greene is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant under the CJA.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
_____
Debra C. Poplin
United States Magistrate Judge

3

Case 3:25-cr-00074-KAC-DCP   Document 52   Filed 02/18/26   Page 3 of 3   PageID #: 162